DAVIS v. BERRY et al.

(Circuit Court, S. D. California. February 26, 1901.)

PLEADING—DEMURRER—UNCERTAINTY—MULTIFARIOUSNESS—CANCELLATION OF LEASE.

Where a bill to set aside a lease alleged that it was executed and delivered by the president and secretary of a corporation without authority, and that it contained a clause of forfeiture, which the lessees had failed to comply with, and the lessor had declared the lease forfeited, giving due notice thereof to the lessees, it is not demurrable for uncertainty or multifariousness.

Conclusion of Court on Demurrer.

Bicknell, Gibson & Trask and C. Linkenbach, for complainant.

Max Loewenthal, John H. Durst, and R. M. Fitzgerald, for defendants.

WELLBORN, District Judge. The bill, I think, is sustainable as one having a double aspect, and, thus viewed, is not bad either for uncertainty or multifariousness. 1 Fost. Fed. Prac. § 70. The allegations presenting the first ground for relief are that the president and secretary of the North Buena Vista Oil Company, a corporation, executed and delivered to certain of the defendants the lease sought to be set aside, and that said acts were unauthorized. The allegations presenting the other ground for relief are that said lease contained a clause of forfeiture, and that the lessees failed to comply with the requirements of said clause, and that thereupon said company de-

clared said. lease forfeited, and gave due notice of said forfeiture to said lessees. These two states of facts are in no wise inconsistent, and, although the respective processes of reasoning by which it is reached are different, the conclusion of law as to the relief to be granted is the same in each case, namely, cancellation of the lease, and this is the relief for which the bill prays. The demurrer will be overruled, and defendants assigned to answer the bill at the rule day in April next.